UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GAETANO BRUNO,

                Petitioner,         **MEMORANDUM & ORDER**

      -against-                      Civil Action No. 04-1698

UNITED STATES OF AMERICA,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARANCES:**

**For Petitioner**:
Iannuzzi and Iannuzzi
74 Trinity Place Suite 1800
New York, New York 10006
By: John Nicholas Iannuzzi, Esq.

**For Respondent:**
Roslyn R. Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By: John F. Curran, Assist. U.S. Attorney

**HURLEY, Senior District Judge:**

      Petitioner Gaetano Bruno ("Petitioner") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from 2003 conviction in this Court. For the reasons set forth below, the motion is DENIED.

### *Background*

      Petitioner seeks to challenge a judgment, which followed a plea of guilty pursuant to a

written plea agreement (the "Plea Agreement"), convicting Petitioner of one count of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951.

Petitioner was indicted on July 2, 2002 and charged in a two count indictment with the crimes of extortion (18 U.S.C. § 1951) and collection of extension of credit by extortionate means (18 U.S.C. §§ 894, 3551). On November 8, 2002, Petitioner pled guilty to the crime of extortion.

In paragraph 4 of the Plea Agreement, Petitioner agreed not to "file an appeal or otherwise challenge the conviction or sentence in the event the Court imposes a sentence within or below the range of imprisonment" of 41 to 51 months. Paragraph 4 also provided that Petitioner "waives any right to additional disclosure from the government in connection with the guilty plea."

At his plea on November 8, 2002, Bruno filled out and signed a guilty plea questionnaire. During the proceedings, the Court had the following discussion regarding the terms of the Plea Agreement:

> In the plea agreement there is a provision which indicates that if on sentencing day you receive a sentence which includes a period of incarceration of 51 months or less, then you would have no right to appeal or otherwise challenge your conviction in this court or any court at any time. Now the reason that's important is again, the triggering event would be whereby you would give up your right to appeal or otherwise challenge the conviction or sentence. The triggering event would be if you received 51 months or less of incarceration. If you receive over 51 months of incarceration, then you would have a right to appeal with respect to the taking of this plea and the sentence. I don't know if that's clear to you and if it isn't let's make sure it is. . . . [D]o you understand what I am saying?

Bruno, who was under oath, answered "Yes, sir."

In addition, Bruno acknowledged under oath that (1) he understood the charge to which he was pleading; (2) he read "each and every word"; (3) he had reviewed the plea agreement with his attorney; (4) he understood the agreement and each of its provisions; (5) he understood that he would not be able to challenge the conviction or sentence by appeal or otherwise if he were sentenced to 51 months or less; (6) his plea was voluntary; and (7) he was satisfied with the representation that his attorneys had provided.

Finally, Bruno stated during his allocution:

> The threatening comments I made that Louis Ramore reported on tape were made with the intention that they would be communicated by him to Anthony Ramore with the purpose of causing Anthony Ramore to pay me money. I did so knowing that Anthony Ramore was the president of Teamster Local 812. Further, it was my belief that if Anthony Ramore paid me money, it would come from teamster union funds and that this would have some effect on interstate commerce.

On May 9, 2003, this Court imposed the following sentence on Petitioner: 41 months imprisonment, 3 years supervised release and a $50,000 fine.

Thereafter, Petitioner commenced this action pursuant to 28 U.S.C. § 2255. According to the petition and accompanying exhibits, the attorney who represented Petitioner during the plea allocution received an anonymous telephone call, subsequent to sentencing, from an individual who claimed that perjured testimony had been utilized during the grand jury proceedings. It is the alleged use of perjured grant jury testimony that Petitioner claims warrants relief. There is no claim in the petition that Petitioner did not understand the waiver contained in his plea agreement.

## *Discussion*

It is well settled that "[i]n no circumstance . . . may a defendant, who has secured the benefit of a plea agreement and knowingly waived the right to appeal a certain sentence then appeal the merits of the sentence conforming to the agreement." *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993). Similarly, a defendant who has secured the benefit of a plea agreement and knowingly waived the right to collaterally attack a certain sentence may not then collaterally attack the sentence conforming to the agreement. *Garcia-Santos v. United States,* 273 F.3d 506 (2d Cir. 2001); *United States v. Yemitan,* 70 F.3d 746, 747-48 (2d Cir. 1995). Such waivers even apply to issues arising subsequent to the plea agreement. *See United States v. Haynes,* 412 F.3d 37 (2d Cir. 2005); *United States v. Morgan,* 406 F.3d 135 (2005); *United States v. Monzon,* 359 F.3d 110 (2d Cir. 2004). If, however, Petitioner maintained that his guilty plea was not knowingly entered due to counsel's inadequacies in representation, or that he misunderstood the plea agreement's waiver provision for the same reason, the waiver would not be fatal to the current application. *United States v. Hernandez,* 242 F.3d 110, 113-14 (2d Cir. 2001). Such in not the case.

A review of the affirmation of John Nicholas Iannuzzi, Esq. and the other papers submitted in support of the requested relief reveal an absence of any claim by the petitioner that his plea was other than a voluntary and knowledgeable act on his part, or that he did not fully understand the waiver provision. Moreover, his allocution indicates that his plea agreement was knowingly and voluntarily entered into with an awareness and understanding of his waiver of appeal and collateral attack. *See Garcia-Santos,* 273 F.3d at 508. Under the present circumstances, the waiver provision is a bar to the present § 2255 application and, accordingly,

4

that application is denied.  *See id.*

Even if the waiver provision did not bar the present application, the petition must be denied.  An anonymous telephone call claiming the use of perjured testimony at the grand jury proceeding is insufficient to warrant § 2255 relief.  *See Grand v. Ricks,* 2003 WL 21847238 (E.D.N.Y. 2003) (claim that false testimony was presented to grand jury generally not cognizable in a habeas proceeding because any deficiencies have been rendered harmless by conviction) (citing *Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir. 1989)).

### *Conclusion*

For the reasons set forth above, the § 2255 motion is DENIED.  Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. 2253(c)(2), a certificate of appealability is denied as petitioner has not made a substantial showing of a denial of a constitutional right.  *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
April 12, 2007

/s/
Denis R. Hurley
Senior District Judge